IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD GOMEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>A. RAMIREZ, et al.,<br><br>　　　　Defendants. | No. 2:20-CV-0757-TLN-DMC-P<br><br><br><br>ORDER |

　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's second amended complaint, ECF No. 35.

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is

entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Gomez is a quadriplegic inmate at California Health Care Facility, Stockton (CHCF). ECF No. 35 at 2, 6. He names the following as Defendants: (1) A. Ramirez, Guard; (2) R. Yepez, Lieutenant; and (3) L. Eldridge, Warden. Id. at 2.

Gomez was in his cell when he felt his blood pressure rising and noticed he had stopped urinating. Id. at 4. Worried, he called for medical assistance. Id. On the evening of August 14, 2019, Gomez believed his autonomic dysreflexia was triggered because his catheter was obstructed. Id. He called for help and explained to Registered Nurse Carasca what was happening. Id. However, A. Ramirez, a prison guard, refused to allow Carasca into Gomez's cell. Id. Ramirez made Gomez explain to him why medical attention was necessary. Id. Only once Ramirez was satisfied did he let Carasca in to treat Gomez. Id. The delay in treatment caused Gomez substantial risk of harm and unnecessary pain. Id.

Later that month, Gomez wrote a complaint against Ramirez for denying him medical assistance. Id. at 6. Ramirez began retaliating against Gomez. Id. Ramirez allegedly began making false accusations against Gomez to get him removed from the unit. Id. Ramirez began invading Gomez's privacy by positioning himself to see Gomez naked, including while Gomez was getting dressed, using the bathroom, and receiving medical treatment. Id. at 6-7.

After filing the original complaint against Ramirez, Gomez met with Lieutenant Yepez as part of the appeal process. Id. at 6. Yepez threatened that if Gomez did not sign off on

the complaint, Ramirez would take more of his property. Id.

Gomez wrote to Warden Eldridge, describing Ramirez's actions. Eldridge merely advised Gomez to keep writing complaints. Id. at 7.

Finally, Gomez alleges he was denied access to the courts. Id. at 6. The complaint offers no facts explaining the claim. See id.

## II. DISCUSSION

Gomez presents cognizable retaliation and Eight Amendment claims against Ramirez. He also presents a cognizable retaliation claim against Yepez. Gomez's claim against Eldridge, the prison warden, however, is not cognizable. Finally, Gomez's claim of being denied access to the courts is also not cognizable.

### A. Supervisor Liability

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in

1  civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

2  Cir. 1982).  "[A] plaintiff must plead that each Government-official defendant, through the

3  official's own individual actions, has violated the constitution." Iqbal, 662 U.S. at 676.

4  Eldridge cannot be liable for Yepez or Ramirez's actions without participating in

5  or directing the actions.  See id.  The complaint merely alleges that Eldridge recommended

6  Gomez continue filing complaints and that Eldridge did not act upon Gomez's already filed

7  complaints.  ECF No. 35 at 7.  Because Gomez does not allege that Eldridge participated in any

8  of the potentially unlawful actions, the complaint does not present a cognizable claim against

9  Eldridge.  Gomez will be provided an opportunity to amend.

**B.      Access to the Courts**

The complaint must give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). A claim must be explained by supporting facts.  See id.  Here, the complaint offers no explanation of how Gomez was denied access to the courts, and so it presents no cognizable claim.  See ECF No. 35 at 7.  Gomez will be granted leave to amend this claim.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection

between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a third amended complaint within 30 days of the date of service of this order.

Dated:  July 31, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE