**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDWARD GOMEZ, | No. 2:20-CV-0757-TLN-DMC-P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| A. RAMIREZ, et al., | |
| Defendants. | |

Plaintiff, who is proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the Court is Defendants' unopposed motion for terminating sanctions. See ECF No. 55. For the reasons discussed below, the Court will recommend that Defendants' motion be denied.

On October 4, 2024, the Court issued a discovery and scheduling order. See ECF No. 49. That order provided that the parties may conduct discovery until June 6, 2025. See id. More specifically, the parties were permitted to serve discovery requests up to 60 days prior to this cut-off date, with any motions to compel discovery due by the cut-off date. See id. Dispositive motions were due within 120 days after the discovery cut-off date. See id.

/ / /

/ / /

/ / /

1

On May 14, 2025, Defendants filed a motion to compel Plaintiff to attend his properly noticed deposition. See ECF No. 50. On June 6, 2025, Defendants withdrew their motion to compel. See ECF No. 53. Defendants also sought modification of the schedule, which the Court granted on June 10, 2025. See ECF No. 54. Pursuant to the June 10, 2025, order, the prior discovery and scheduling order was modified to extend the discovery cut-off date to September 4, 2025. See id. Dispositive motions were due within 120 days of this new discovery cut-off date and, to date, no dispositive motion on the merits has been filed. Instead, on August 27, 2025, Defendants filed the pending motion for terminating sanctions. See ECF No. 55. Plaintiff has not filed an opposition.

Defendants seek terminating sanctions for Plaintiff's failure to attend his properly noticed deposition. See id. As Defendants correctly note, terminating sanction may be appropriate under Federal Rules of Civil Procedure 37 and 41 where a party fails to comply with a court order. See id. at 5. Here, the Court has not issued any order compelling Plaintiff's attendance at his deposition. Thus, the factual predicate for terminating sanctions – failure to obey a court order – is not present and, at this time, terminating sanctions are not warranted. In this regard, the Court notes that Defendants withdrew their prior motion to compel and have not renewed that motion before prematurely seeking terminating sanctions.

By separate order, the Court will direct the parties to submit trial readiness status reports.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Based on the foregoing, the undersigned recommends that Defendants' motion for terminating sanctions, ECF No. 55, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 14, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3