**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| EDWARD GOMEZ, | No.  2:20-CV-0757-DMC-P |
| Plaintiff, |  |
| v. | ORDER |
| A. RAMIREZ, et al., |  |
| Defendants. |  |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983.  Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment.  See 28 U.S.C. § 636(c).

On January 15, 2026, the Court ordered Plaintiff to file a trial-readiness status report within 30 days.  See ECF No. 57.  Plaintiff was cautioned that failure to comply could result in dismissal of the entire action for lack of prosecution and failure to comply with court rules and orders.  See id. at 2.  As of February 27, 2026, Plaintiff had not complied and the Court directed Plaintiff to show cause why appropriate sanctions, including terminating sanctions, should not be imposed for failure to file a status report.  See ECF No. 61. To date, Plaintiff has not filed a status report as directed or responded to the Court's order to show cause.

/ / /

/ / /

1

The court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. See Malone, 833 F.2d at 132-33 & n.1. The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay. See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal has also been held to be an appropriate sanction for failure to follow local rules, see Ghazali, 46 F.3d at 53, failure to comply with an order to file an amended complaint, see Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992), failure to inform the district court and parties of a change of address pursuant to local rules, see Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (per curiam), failure to appear at trial, see Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996), and discovery abuses, see Henry v. Gill Indus., Inc., 983 F.2d 943, 948 (9th Cir. 1993).

Having considered the factors outlined above, the Court finds that terminating sanctions are appropriate for Plaintiff's failure to prosecute this case by way of compliance with the Court's order to file a trial-readiness status report.

Accordingly, IT IS HEREBY ORDERED as follows:

1.      This action is dismissed without prejudice for lack of prosecution and failure to comply with court rules and orders.

2.      The Clerk of the Court is directed to enter judgment and close this file.

Dated:  April 14, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

2